IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

IN RE:

ATLAS COMPUTERS, INC.,

Debtor.

Filed/Docketed
Feb 27, 2012

Case No. 07-11665-M
Chapter 7

## ORDER DENYING CREDITORS' SECOND MOTION TO COMPEL DISCOVERY

This matter comes before the Court pursuant to the Creditors' Second Motion to Compel Discovery and Supporting Brief (the "Motion") filed on behalf of Bryan [sic] Finley and Ryan Finley (the "Finley Claimants") on February 20, 2012.[1]  Although styled as a second motion to compel, the Motion marks no less than the fifth time the parties have sought assistance from the Court due to their inability to amicably resolve discovery disputes.[2]   In the Motion, the Finley Claimants request that this Court compel the production of certain documents allegedly in the possession of Noble Sokolosky ("Sokolosky").  Sokolosky has objected to the production of the documents on various bases, one of which is that the document request was untimely.  Controlling authority supports Sokolosky's position.  Accordingly, the Motion must be overruled.

### Background

The contested matter giving rise to the Motion is fully outlined in the February 7 Order. Among other things, the February 7 Order provides this background regarding the discovery deadlines established by the Court:

---

[1] *Docket No. 138.*

[2] For a detailed history of this contested matter, including but not limited to the discovery disputes between the parties, the reader is directed to this Court's *Order Denying Motion for Additional Discovery*, entered on February 7, 2012, at Docket No. 136 (the "February 7 Order").

The Finley Claimants filed their proposed discovery plan (the "Plan") on November 15, 2011.  In the Plan, the Finley Claimants stated their desire to depose Noble Sokolosky, Mary Sokolosky, Milos Milenkovic, Robert Carl Burcham, and representatives of the Bank of the Lakes and First Bank of Owasso.  Shortly thereafter, the Court issued its Order Regarding Discovery.  In that Order, the Court authorized the requested depositions, limiting their duration to two hours each.  In other words, other than the placement of a time restriction, the Court gave the Finley Claimants everything they asked for in the way of depositions.  The Court also issued rulings regarding additional discovery disputes between the parties, none of which are now contested.  Finally, the Court required discovery to be completed by January 24, 2012, and required the parties to submit a proposed joint pretrial order on or before February 1, 2012.  Those two dates were later extended to January 31, 2012, and February 8, 2012, respectively.[3]

On January 5, 2012, the Finley Claimants served an additional request for production of documents upon Sokolosky (the "Request").  The Request asks that Sokolosky "[p]roduce for inspection and copying the set of records prepared by milos [sic] Milenkovic on QuickBooks for Dominion Communications LLC in 2007 and 2008."[4]  The Finley Claimants made no request to shorten the time for response to the Request.

On February 8, 2012, Sokolosky served his objection to the Request upon counsel for the Finley Claimants.  One of the bases for the objection was that

[T]his request was served out of time.  On December 27, 2011 the Court held that the Finley Claimant's request to serve additional discovery related to QuickBooks was moot.  It stated in the Order: "The time for discovery has not yet expired.  The Finley Claimants are free to propound additional discovery upon the Sokolosky Group, assuming that such discovery is propounded in a timely manner.  [FN2 The Court is not ruling on whether the discovery is proper.  That issue is not presently before the Court.  The issue will be addressed separately if the discovery request is objected to by the Sokolosky Group."  In that same Order the Court modified the discovery cutoff to January 31, 2012, meaning to timely serve the discovery the Finley Claimants needed to do so promptly after receipt of the December 27 Order.  They did not do so, waiting until January 5 [2012] to mail a copy of the discovery, making

---

[3]  *Id.* at 6–7 (footnotes omitted).

[4]  *Docket No. 138-1* at 1.

the response due February 7, 2012, a date beyond the discovery cutoff.[5]

The Motion was filed on February 20, 2012, almost two weeks after service of the objection and one day before a scheduled pretrial conference on the contested matter generating this discovery dispute.

## Discussion

The discovery deadline in this contested matter was originally set at January 24, 2012, and then extended to February 1, 2012, at the request of the Finley Claimants. The Request was served upon Sokolosky on January 5, 2012, less than thirty days prior to the deadline for completion of discovery. The question is whether the fact that Sokolosky was given less than 30 days to respond to the Request renders the Request untimely. In their brief in support of the Motion, the Finley Claimants "respectfully dispute" the argument that the Request was untimely. They offer no authority in support of their position.

Under Federal Rule of Civil Procedure 34(b)(2)(A), made applicable to this contested matter by Federal Rules of Bankruptcy Procedure 7034 and 9014, when it comes to a request for production of documents, "[t]he party to whom the request is directed must respond in writing within 30 days after being served. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court."[6] The Finley Claimants did not ask the Court to shorten the time for responding to the Request. The Court did not shorten the response time on its own motion. Nothing in the record indicates that the Finley Claimants and Sokolosky stipulated to a shorter response time with respect to the Request. Accordingly, the deadline for responding to the Request fell on February 4, 2012,

---

[5] *Id.* at 4.

[6] Fed. R. Civ. P. 34(b)(2)(A). *See also* Fed. R. Bankr. P. 7034 and 9014 (making Fed. R. Civ. P. 34(b)(2)(A) applicable to contested matters in bankruptcy cases).

after the deadline established by the Court for the completion of discovery.

The United States Court of Appeals for the Tenth Circuit has held that, in order to be timely, discovery requests "must be served at least thirty days prior to a completion of discovery deadline."[7] *Pacificorp* appears to be well within the mainstream of thought on this issue.[8]  It remains good law in the Tenth Circuit, and is binding upon this Court.  Under its holding, the Request was untimely, and the objection raised by Noble Sokolosky is valid.[9]

### Conclusion

The  Creditors' Second Motion to Compel  Discovery and Supporting Brief filed on behalf of Bryan [sic] Finley and Ryan Finley on February 20, 2012, at Docket No. 138, is overruled.

Dated this 27th day of February, 2012.

BY THE COURT:

TERRENCE L. MICHAEL, CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT

6304.2

---

[7]  *Thomas v. Pacificorp*, 324 F.3d 1176, 1179 (10th Cir. 2003) (hereafter *"Pacificorp"*).

[8]  *See, e.g. United States v. $50,800 in U.S. Currency,* 2011 WL 5024260 at *1 (Slip Op. D.Ariz Oct. 21, 2011) (motion to compel filed on last day to file a discovery motion deemed untimely where existence of discovery dispute had been apparent for quite some time); *Christmas v. MERS*, 2010 WL 2695662 (Slip Op. D. Nev. July 2, 2010) (discovery requests served upon date of discovery deadline deemed untimely);  *Ross v. Excel Group Flexible Ben. Plan,* 2008 WL 4567229 (Slip Op. D. Ariz. Oct.14, 2008) (plaintiff's motion to compel denied because his discovery requests were untimely filed less than 30 days before the Rule 16 completion of discovery deadline).

[9]  The Court is at a loss to understand why the Finley Claimants did not seek an order shortening the time for response to the Request.  Certainly they were aware of the looming discovery deadline.  The Court presumes that counsel is aware of controlling Tenth Circuit precedent.